UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br>CARRIER IQ, INC.,<br>CONSUMER PRIVACY LITIGATION.<br>_____/ | No. C12-md-2330 EMC<br><br>**PRETRIAL ORDER** |

The Judicial Panel on Multidistrict Litigation (the "Panel") has transferred certain actions in which plaintiffs allege that defendants tracked and recorded private user information on mobile communication devices – including users' location, keystrokes, message content, and data – using Carrier IQ software. As the number and potential complexity of these actions warrant holding a single, coordinated initial case management conference for all actions in *In re Carrier IQ, Inc. Consumer Privacy Litigation*, MDL No. 2330, and all cases related thereto, the Court hereby orders as follows.

1.    <u>Applicability of Order</u>

Prior to the initial case management conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this order shall govern the practice and procedure in (1) those actions that were transferred to this Court by the Panel; (2) all "tag-along actions" later filed in, removed to, or transferred to this Court; and (3) all cases related thereto filed in all divisions of the Northern District of California.

2.    <u>Consolidation</u>

The civil actions transferred to this Court or the related cases in the Northern District of California are consolidated for pretrial purposes. Any "tag-along actions" later filed in, removed to,

or transferred to this Court will automatically be consolidated with this action without the necessity of future motions or orders.

This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party in any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

3. <u>Date of Initial Case Management Conference and Agenda for Conference</u>

Matters relating to pretrial proceedings in these cases will be addressed at an initial case management conference to be held on **Thursday, May 24, 2012, at 9:00 a.m.** before the Honorable Edward M. Chen in Courtroom 5, 17th floor of the United States District Court, 450 Golden Gate Avenue, San Francisco, California.

Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, just resolution of this litigation. The items listed in MCL 4th §§ 22.6 (Case-Management Orders), 22.61 (Initial Orders), 22.62 (Organization of Counsel), and 22.63 (Subsequent Case-Management Orders) shall, to the extent applicable, be a part of the agenda for the conference. In addition, items on the agenda shall include filing of a consolidated amended complaint, amendment of other pleadings, a proposed discovery plan, and a timetable for considering motions, including any class certification motions. Counsel shall confer and seek consensus to the extent possible with respect to the above items on the agenda.

If the parties have any suggestions as to any case management orders or additional agenda items, these suggestions shall be filed with the Court by one week before the CMC.

4. <u>Appearances for Initial Case Management Conference</u>

Each party represented by counsel shall appear at the initial case management conference through the party's attorney who will have primary responsibility for the party's interest in this litigation.

To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent the party's interest at the conference. A party will not, by designating an attorney to represent the party's interest at the

conference, be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue, or service.

5. Service

Service of all papers shall be made on each of the attorneys of record through electronic case filing ("ECF"). If an attorney is not registered to e-file, he or she must promptly do so, as explained in Paragraph 9 below.

6. Response Extension and Stay

Defendants are granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court.

In addition, pending the initial case management conference and further orders of this Court, all outstanding discovery proceedings are stayed and no further discovery shall be initiated.

Finally, all pending motions must be renoticed pursuant to a date set by further order of this Court.

7. Master Case File

The Clerk of the Court will maintain a master case file under the style *In re Carrier IQ, Inc. Consumer Privacy Litigation* and the identification "MDL No. 2330" or "No. C-12-md-2330." When a pleading is intended to apply to all actions (including related cases), this shall be indicated in the caption by the words: "This Document Relates to All Cases." When a pleading is intended to apply to fewer than all cases, this shall be indicated in the caption by the words: "This Document Relates to [individual case(s) identified by case number(s)]."

8. Filing

This case is subject to electronic case filing ("ECF") pursuant to General Order 45 of the United States District Court of the Northern District of California. Section IV(A) of the General Order provides that "[e]ach attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon notification that the action is subject to ECF." If he or she has not already done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and password. Forms and instructions can be found on the Court's website at ecf.cand.uscourts.gov.

For any case that is a member case of MDL No. 2330, all documents shall be e-filed in the master case file, No. C-12-md-2330 EMC.

For any case that is related to MDL No. 2330 (*i.e.*, not a member case), all documents shall be e-filed in the individual related case, unless and until the case becomes an MDL member case.

9. <u>Docketing New Cases</u>

When an action that properly belongs as part of *In re Carrier IQ, Inc. Consumer Privacy Litigation* is either filed after the date of this order in the Northern District of California or transferred here after the date of this order from another court, the Clerk of this Court shall:

    a. File a copy of this order in the separate file for such action;

    b. Make an appropriate entry on the master docket sheet (No. C-12-md-2330);

    c. Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this order; and

    d. Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred case a copy of this order.

If there are any disputes as to whether an action should be related to *In re Carrier IQ, Inc. Consumer Privacy Litigation*, they must promptly be brought to the Court's attention or any objection may be deemed waived.

10. <u>Appearances</u>

Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this litigation, and the requirements of Northern District of California Local Rule 11-3 are waived. Assistance of local counsel is not required.

11. <u>Remand Stipulations</u>

In the event that a case is remanded, the parties shall furnish to the Clerk of the Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee court to comply with the order of remand.

///

12. <u>Preservation of Evidence</u>

All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody, or control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action.

"Documents, data, and tangible things" shall be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs, and cards, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape, or digital recordings or transcripts thereof, drafts, jottings and notices, studies or drafts of studies, or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data, or tangible things containing information potentially relevant to the subject matter of this litigation. *Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties.*

13. <u>Filing Discovery Requests</u>

In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk, nor sent to the Judge's chambers, except to the extent needed in connection with a motion.

///

///

14. <u>Liaison Counsel</u>

Prior to the initial case management conference, counsel for plaintiffs *and* counsel for defendants shall, to the extent they have not already done so, confer and attempt to seek consensus on the selection of a candidate for the position of liaison counsel for each group who will be charged with essentially administrative matters.

The Court anticipates that liaison counsel will be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Panel pursuant to Rule 4.1 of the Panel's Rules of Procedure or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.

The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement.

Appointment of liaison counsel shall be subject to the approval of the Court.

At the initial case management conference, liaison counsel and/or the parties should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter.

15. <u>Lead Counsel</u>

The Court intends to appoint a plaintiffs' lead counsel to conduct and coordinate the discovery stage of this litigation and, to the extent possible, pretrial motion practice. Plaintiffs shall meet and confer and attempt to reach a consensus on lead counsel and (if necessary) an organizational structure for management of the litigation. If no consensus is reached, plaintiffs should seek to reach an agreement on the process for the counsel selection of lead counsel.

The main criteria for lead counsel shall be :

     a.     willingness and availability to commit to a time-consuming project;

     b.     ability to work coooperatively with others;

     c.     qualifications, including experience in managing complex litigation and knowledge of the subject matter;

     d.     efforts in researching and investigating the claims before the court;

     e.     resources that can be contributed to the litigation; and

     f.     ability to maintain reasonable fees and expenses.

Absent agreement of plaintiffs, the Court contemplates that lead counsel will have the following responsibilities:

     a.     Discovery

          (1)     Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multi-district litigation.

          (2)     Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

          (3)     Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by lead counsel upon written request by an individual attorney in order to assist him or her in the preparation of the pretrial stages of his or her client's claims.

          (4)     Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all plaintiffs. No attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated lead counsel provided that such questions are not repetitious.

     b.     Hearings and Meetings

          (1)     Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals,

suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

    (2) Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

    (3) Act as spokesperson for all plaintiffs at the pretrial proceedings and in response to inquiries from the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

  c. Miscellaneous

    (1) Submit and argue any verbal or written motions presented to the Court on behalf of plaintiffs as well as oppose when necessary any motions submitted by defendants or other parties which involve matters within the sphere of the responsibilities of lead counsel.

    (2) Negotiate and enter into stipulations with defendants regarding this litigation. All stipulations entered into by lead counsel, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within one week after he or she knows or reasonably should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

    (3) Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

    (4) Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys.

    (5) Prepare periodic status reports summarizing lead counsel's work and progress. These reports shall be submitted to plaintiffs' liaison counsel who will promptly distribute copies to the other plaintiffs' attorneys.

    (6) Perform any tasks necessary and proper for lead counsel to accomplish its responsibilities as defined by the Court's orders.

    (7) Perform such other functions as may be expressly authorized by further orders of this Court.

Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

16. <u>Communication with the Court</u>

Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing and e-filed. The Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall be not deemed a waiver of the attorney-client privilege or the protection afforded attorneys' work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing in this provision shall be construed to limit the rights of any party to assert the attorney-client privilege or attorney work product doctrine.

IT IS SO ORDERED.

Dated: May 1, 2012        _____
                 Edward M. Chen
                 United States District Judge